## Pittsburgh Housing Authority *v.* Wilson, Appellant.

Argued April 21, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*J. Harry Pershing,* for appellant.

*Everett E. Utterback,* with him *Richard O'N. Duff,* for appellee.

PER CURIAM, April 25, 1952:

On May 1, 1951, the Housing Authority of the City of Pittsburgh, a public corporation, leased to Fannie Wilson a dwelling located at No. 2441 Bedford Avenue, Apt. No. 2-341, for a term beginning May 1, 1951, and ending May 31, 1951, with an automatic renewal for a successive term of one month at a rental of $38 payable in advance on the first day of the term.

The lease contained a provision for an amicable action in ejectment should any covenant or condition of the lease be broken. On December 4, 1951, appellee filed a praecipe for a rule to show cause why judgment in ejectment should not be entered against the defendant-appellant. The matter came on for hearing in due course. The testimony established, as stated in the opinion of the learned judge of the court below, that appellant had been in default in payment of rent since October 1, 1951. "On November 9, 1951, the Housing Authority notified her to vacate the premises because of nonpayment of rent for the months of October and November, but she has refused to vacate. The defendant admits that she has defaulted in payment of the rent, but offers as a defense to this proceeding in ejectment that she is in default only because the Pennsylvania Department of Public Assistance discontinued

payment of relief to her." We agree with the learned court below that "That is no defense." The court concluded: "Since the defendant, Fannie Wilson, has defaulted in the payment of rent to the plaintiff, Housing Authority of the City of Pittsburgh, the rule to show cause why judgment in ejectment should not be entered against her must be made absolute."

Judgment affirmed.